# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| Eric and Kimberly Isaacson, | Bankruptcy No. 13-20227 |
| Debtors. | Honorable Deborah L. Thorne |

## COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF FACTORLAW FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Name of Applicant:                     Law Offices of William J. Factor, Ltd.

Authorized to Provide                  Joji Takada, Chapter 7 Trustee for the estate
Professional Services to:              of Eric and Kimberly Isaacson

Period for Which                       July 21, 2015 – November 30, 2015
Compensation is Sought:

Amount of Fees Sought:                 $8,540.00

Amount of Expense                      $0.00
Reimbursement Sought:

This is a:                             First and Final Application

        The aggregate amount of fees and expenses *paid* to the Applicant to
date for services rendered and expenses incurred herein is:  $    0.00      .

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| Eric and Kimberly Isaacson, | Bankruptcy No. 13-20227 |
| Debtors. | Honorable Deborah L. Thorne |

## <u>NOTICE OF APPLICATION</u>

**Please take notice** that on **Tuesday, December 13, 2016, at 9:30 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Deborah L. Thorne, United States Bankruptcy Judge for the Northern District of Illinois in Courtroom 613 of the Everett McKinley Dirksen United States Courthouse located at 219 South Dearborn Street in Chicago, Illinois, and then and there shall present the attached **First and Final Fee Application of FactorLaw** a copy of which is attached hereto and herewith served upon you.

Dated: November 22, 2016      **FactorLaw**

By: */s/ Ariane Holtschlag*
One of its attorneys

Sara E. Lorber (6229740)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:     (312) 878-4830
Fax:     (847) 574-8233
Email:  aholtschlag@wfactorlaw.com

## CERTIFICATE OF SERVICE

I, Ariane Holtschlag, an attorney, hereby certify that on November 22, 2016 pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Application* and the accompanying *First and Final Fee Application of FactorLaw* be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by US Mail on all persons identified on the attached service list.

*/s/ Ariane Holtschlag*

**Registrants**
(Service via ECF)

| | |
|---|---|
| Denise A Delaurent | USTPRegion11.es.ecf@usdoj.gov, Denise.DeLaurent@usdoj.gov;maria.r.kaplan@usdoj.gov |
| Scott C. Frost | sfrost@howardandhoward.com, drizzuto@howardandhoward.com |
| Maria Georgopoulos | nd-three@il.cslegal.com |
| Sara J Gray | sgraylaw@yahoo.com, G10619@notify.cincompass.com |
| Arnold H. Landis | arnoldlandis1@ameritech.net, jglandislaw@yahoo.com;cle@ameritech.net;skarova@ameritech.net;bryanthompson@ameritech.net; skarova@landislaw.net;bthompson@landislaw.net ;cle@landislaw.net;alandis@landislaw.net |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| David P Lloyd | courtdocs@davidlloydlaw.com |
| James E. Morgan | jem@h2law.com, smckinney@howardandhoward.com |
| Gerald Mylander | mcguckin_m@lisle13.com |
| Daniel Rubin | drubin@howardandhoward.com |
| Glenn B Stearns | mcguckin_m@lisle13.com |
| Joji Takada | trustee@takadallc.com, jtakada@ecf.epiqsystems.com |
| Joji Takada | trustee@takadallc.com, jtakada@ecf.epiqsystems.com |
| Joji Takada | joji@takadallc.com |
| Zane L Zielinski | trustee@zanezielinski.com, fax@zanezielinski.com |

Service List
Case 13-20227

BMO Harris Bank N.A. f/k/a Harris N.A.
111 W. Monroe St.
Chicago, IL 60603-4096

WELLS FARGO BANK, NA
c/o Codilis & Associates, P.C
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527-6921

Allied Waste Services #719
POB 901154
Louisville, KY 40290-1154

BMO Harris Bank
Acct#: 4124
Attn: SVCG Dept. D Bryan Mundy
PO Box 5043
Rolling Meadows, IL  60008-5043

BMO Harris Bank N.A.
Howard and Howard Attorneys PLLC
attn: Daniel Rubin
200 S Michigan Ave Ste 1100
Chicago, Illinois 60604

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Bank of America
Acct#: 2599
PO BOX 45144
Jacksonville, FL 32232-5144

Bank of America
Acct#: 3014
PO BOX 45144
Jacksonville, FL 32232-5144

Bank of America, N.A.
NC4-105-02-99
PO Box 26012
Greensboro, NC 27420-6012

Chase Bank USA
Acct#: 2161
PO Box 15298
Wilmington, DE 19850-5298

Chase Bank USA
POB 15298
Wilmington, DE 19850-5298

Citi Cards
Acct#: 0564
PO Box 6077
Sioux Falls, SD  57117-6077

City of Joliet
Attn Gregory Smith
150 W Jefferson St
Joliet, IL 60432-4158

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Wells Fargo Bank, NA
Attn: Bankruptcy Dept MAC#D3347-014
3476 Stateview Blvd.
Fort Mill, SC 29715-7200

Wells Fargo Home Mortgage
Acct#: 2777
PO Box 10335
Des Moines, IA 50306-0335

Wermer Rogers Doran & Ruzon
755 Essington Rd
Joliet, IL 60435-2878

Eric and Kimberly Isaacson
2244 Stonehaven Dr.
Plainfield, IL 60586-8120

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| Eric and Kimberly Isaacson, | Bankruptcy No. 13-20227 |
| Debtors. | Honorable Deborah L. Thorne |

## FACTORLAW'S FIRST AND FINAL APPLICATION FOR
## COMPENSATION AND REIMBURSEMENT OF EXPENSES

The Law Office of William J. Factor, Ltd., counsel for Joji Takada, not individually but as the chapter 7 trustee (the "***Trustee***") of the bankruptcy estate (the "***Estate***") of Eric and Kimberly Isaacson (collectively, the "***Debtors***"), hereby submits its first and final fee application (the "***Application***") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation of **$8,540.00** for legal services performed by FactorLaw during the period of July 21, 2015 through November 30, 2015 (the "***Application Period***"). In support of its Application, FactorLaw states as follows:

### JURISDICTION

1.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2.      Venue of the above-captioned case (the "***Case***") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## BACKGROUND

### I.     The Bankruptcy Case.

4.     On May 14, 2013, (the "***Petition Date***") the Debtors filed a voluntary petition for relief under chapter 13 of title 11, United States Code, 11 U.S.C. §§ 101, ff. (the "***Bankruptcy Code***"), thereby initiating the Case.

5.     On October 4, 2013, the Court converted the Case to a proceeding under Chapter 11 of the Bankruptcy Code.

6.     On October 29, 2014, the Court converted the Case to a proceeding under Chapter 7 of the Bankruptcy Code.

7.     Subsequent to the conversion of the Case to a proceeding under Chapter 7 of the Bankruptcy Code, the Trustee was appointed as the interim case trustee. The Trustee now serves as permanent trustee.

8.     On July 21, 2015, the Trustee retained Zane Zielinski and the Law Offices of William J. Factor, Ltd. (collectively, "***FactorLaw***") for the purpose of liquidating the Residence (defined below), enforcing the Court's turnover orders, prosecuting any claims for preferential payments, fraudulent transfers and denial or revocation of discharge. *See* Dkt. No. 223.

### II.    The Residence.

9.     Among the assets of the Estate is real estate commonly known as 2244 Stonehaven Drive in Plainfield, Illinois, which the Debtors occupy as their residence (the "***Residence***").

1.     The Debtors' Schedule A regarding "real property" discloses the Debtors' interest in the Residence as "tenants by the entirety" with a value of $225,000.

2.     At the 341 Meeting, Debtors provided Trustee a copy of the Deed to the Real Property, which established that the Debtors' interest in the Residence is, in fact, held as joint-tenants *not* tenancy by the entirety.

3.     Thereafter the Trustee pursued liquidation of the Residence.

4.     Ultimately, the Trustee resolved the Residence liquidation by settling the asset with the Debtors in exchange for a payment of $41,360 to the Estate in lieu of the time, costs and risk associated with an open market sale. The settlement was approved by this Court on October 14, 2015.

### III.   Turnover.

5.     Among the assets of the Estate were 1) the Debtors' checking and savings accounts (the "***Bank Accounts***"); the Debtors' Associate Stock Purchase Plans (the "***Stock Accounts***"). On January 13, 2015, this Court entered an order directing turnover (the "***Turnover Order***") of certain financial statements, including the statements for the Bank Accounts and Stock Accounts, as well as the current proceeds of the Bank Accounts. *See* Dkt. No 171.

6.     As of July 21, 2015, the Debtors had failed to comply fully with the Turnover Order.

7.     During the course of the Case prior to its ultimate conversion to a proceeding under Chapter 7 of the Bankruptcy Code after first spending time in Chapter 13 and Chapter 11, the Debtors had earned income, made deposits into the Bank Accounts and Stock Accounts as well as expenditures.

8.     With the assistance of FactorLaw the Trustee was able to obtain compliance with the Court's turnover order and insure full turnover of the Estate property.

## IV.   Preference, fraudulent transfer, denial/revocation of discharge claims.

9.     FactorLaw conducted an extensive investigation of the Debtors' pre-petition and post-petition financial records identifying and providing the foundation the adversary proceeding against Citibank to recover preferential payments and the adversary proceeding to deny of discharge adversary that remains pending at this time.

## FEE APPLICATION

## I.   Services performed.

10.     FactorLaw maintains contemporaneous written records of the time expended by its professionals.

11.     Such records for the Case, copies of which are grouped and attached hereto as **Exhibit 1**, set forth in detail: (a) the services rendered by FactorLaw (the "*Services*") on behalf of the Trustee, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

*A. Summary of Services by professional.*

12.     FactorLaw spent a total of 32.0 hours at a cost of $8,540.00 in connection with this Case.

13.     A breakdown of the professionals providing Services is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Jeffrey K. Paulsen | Partner | $250 | 1.4 | $350.00 |
| Ariane Holtschlag | Associate | $250 | 25.2 | $6,300.00 |
| Zane Zielinski | Of Counsel | $350 | 5.4 | $1,890.00 |
| | | **Totals:** | **32.0** | **$8,540.00** |

B. *Itemization of fees by category of Services rendered.*

14. **The Residence.** FactorLaw spent a total of 16.1 hours at a cost of $4,145.00 pursuing liquidation of the Residence including negotiating and obtaining approval for the settlement.

15. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Jeffrey K. Paulsen | Partner | $250 | 1.4 | $350.00 |
| Ariane Holtschlag | Associate | $250 | 13.5 | $3,375.00 |
| Zane Zielinski | Of Counsel | $350 | 1.2 | $420.00 |
| | | Totals: | 16.1 | $4,145.00 |

16. **Turnover.** FactorLaw spent a total of 5.5 hours at a cost of $1,495.00 obtaining compliance with the Turnover Order and ensuring full turnover of the Estate property.

17. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $250 | 4.3 | $1,075.00 |
| Zane Zielinski | Of Counsel | $350 | 1.2 | $420.00 |
| | | Totals: | 5.5 | $1,495.00 |

18. **Preference, fraudulent transfer, denial/revocation of discharge claims.** FactorLaw spent a total of 10.4 hours at a cost of $2,900.00 investigation and pursing preference, fraudulent transfer, denial/revocation of discharge claims on behalf of the Estate.

19.    A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $250 | 7.4 | $1,850.00 |
| Zane Zielinski | Of Counsel | $350 | 3.0 | $1,050.00 |
| | | **Totals:** | **10.4** | **$2,900.00** |

## II.    FactorLaw's retention was appropriate through the Application Period

20.    During the Application Period, no agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case.

21.    No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

22.    Finally, FactorLaw represents that it is and was through the Application Period a disinterested party and does not hold any relationship adverse to the Estate.

## BASIS FOR THE REQUESTED RELIEF

23.    Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the

rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

24.    In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

25.    The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or his services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066 (2001).

26.    Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*,157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context,

"[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

27.    The average hourly billing rate for the professionals who performed the Services—that is, the "lodestar" rate— is $266.88. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

WHEREFORE, FactorLaw respectfully requests that this Court enter an Order:

A. Allowing FactorLaw compensation for actual, necessary legal services in the amount of **$8,540.00**;

B. Authorizing the Trustee to pay FactorLaw the allowed compensation and reimbursement of expenses in the total amount of **8,540.00**; and

C. Granting such other relief as the Court deems just and equitable.

Dated: November 22, 2016                    **FactorLaw**

By: */s/ Ariane Holtschlag*
One of Its attorneys

Sara E. Lorber (6229740)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:    (847) 574-8233
Email:  aholtschlag@wfactorlaw.com