**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| ERIC C. ISAACSON and KIMBERLY A ISAACSON, | Bankruptcy No. 13-20227 |
| Debtors. | Honorable Deborah L. Thorne, |

**COVER SHEET FOR SECOND AND FINAL FEE APPLICATION OF
LAW OFFICES OF ZANE L. ZIELINSKI, P.C.**

| | |
|---|---|
| Name of Applicant: | Law Offices of Zane L. Zielinski, P.C. |
| Authorized to Provide Professional Services to: | Joji Takada, not individually, but as the Chapter 7 Trustee of the bankruptcy estate of Eric C. Isaacson and Kimberly A. Isaacson |
| Period for Which Compensation is Sought: | February 24, 2016 through May 24, 2018 |
| Amount of Fees Sought: | $     9,065 |
| Amount of Expense Reimbursement Sought: | $     15.84 |
| This is a: | Second and Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is:  $    6,720    .

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| ERIC C. ISAACSON and KIMBERLY A ISAACSON, | Bankruptcy No. 13-20227 |
| Debtors. | Honorable Deborah L. Thorne, |

## TRUSTEE'S SECOND AND FINAL APPLICATION FOR COMPENSATION OF HIS COUNSEL, LAW OFFICES OF ZANE L. ZIELINSKI, P.C.

Joji Takada, not individually, but as Chapter 7 trustee (the "*Trustee*") of the bankruptcy estate of **Eric C. Isaacson** and **Kimberly A. Isaacson** (the "*Debtors*"), hereby submits his Second and Final application (the "*Application*"), pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1), seeking compensation totaling $9,065.00 for legal services performed by the Law Office of Zane L. Zielinski, P.C. ("*LOZZ*"), counsel to the Trustee, during the period of February 24, 2016, through and including May 30, 2018 (the "*Application Period*") and $15.84 in expenses incurred in connection with those services. In support of its Application, LOZZ respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## BACKGROUND

4. On May 14, 2013, Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the U.S. Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

5. On October 4, 2013, the Court converted the case to a case under Chapter 11 of the Bankruptcy Code.

6. On October 29, 2014, the Court converted the Case to a case under Chapter 7 of the Bankruptcy Code.

7. Joji Takada is the duly appointed and qualified Chapter 7 Trustee.

## STATUS OF THE CASE

8. During his investigation of the Debtors estate, the Trustee identified three areas of concerns.

9. First, the Trustee had concerned related to the Debtors' timely disclosure of their assets, and decided that the estate should pursue a complaint seeking to deny the Debtors' discharge (the "727 Complaint").

10. The 727 Complaint is concluded, and the Trustee retained special counsel to prosecute the 727 Complaint. Due to timing on retention of special counsel, LOZZ revised and prepared the 727 Complaint.

11. In addition, due to conflicts issue LOZZ had to handle certain conflict related issued

12. Further, LOZZ review and objected to claims.

## FEE APPLICATION

13. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

**I.   Services Performed**

    *A.  727 Complaint*                                                                                                  *$3,570*

LOZZ spent 10.2 hours at a cost of $3,570 on issues related to the pending 727 Complaint seeking to deny the Debtors discharge.  LOZZ met with the Trustee and proposed special counsel, retained special counsel, and reviewed and revised the 727 complaint against the Debtors.  In addition, LOZZ reviewed matters related to potential settlement of the 727 complaint.

    *B.  Administration*                                                                                                  *$3,605*

LOZZ spent 10.30 hours at the cost of $3,605 on issues related to the administration of the estate.  LOZZ conferred with the Trustee regarding the status of the liquidation of the estate, including issue related to an undisclosed performance bonus.  In addition LOZZ billed 1 hour for the preparation of the Second and Final fee application.

    *C.  Claims*                                                                                                                    *$1,890*

LOZZ spent 5.4 hours at the cost of $1,890 on issues related to reviewing an objecting to claims.

**II.   Attorneys Providing Services for this Estate**

Zane L. Zielinski (ZZ) is the partner of LOZZ.  Prior to attending law school, Mr. Zielinski worked for Chicago Title and Trust Company. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif.  Mr. Zielinski specializes in bankruptcy law, real estate law, and has represented trustees, debtors and creditors in bankruptcy cases. Mr. Zielinski has been involved in the day-to-day representation of the Trustee.

**III.  Calculation of Time and Fees**

The Trustee filed his application employ Zane L. Zielinski and Law Offices of Zane L. Zielinski as Counsel to the Trustee. *See* Dkt. No. 244.  The application was granted on December 8, 2015, retroactive to December 1, 2015. *See* Dkt. No. 250.

This is the Trustee's Second and Final application for compensation and reimbursement of fees and expenses incurred by LOZZ during the Application Period.[1]

LOZZ's professionals spent a total of 25.9 hours providing necessary legal services for the Trustee. As a result, LOZZ requests compensation in the amount of $9,065 for actual, necessary legal services performed.

LOZZ maintains contemporaneous written records of the time expended by its professionals and expenses incurred. Copies of such records for this Case are grouped and attached hereto as an **Exhibit A.**

LOZZ has incurred $15.84 in expense related to this case. A copy of the expense record (if necessary) for this Case is attached hereto as **Exhibit A**.

The hourly rates charged are the regular hourly rates charged by the firm to its clients. The average hourly rate is $350.

LOZZ does not bill its clients or seek compensation in this Application for its overhead expenses.

LOZZ worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was either a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

No agreement or understanding exists between LOZZ and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

No compensation has been promised to LOZZ other than as disclosed or approved by this Court. LOZZ certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

---

[1] In addition to this Fee Application, the Trustee's former firm will be submitting a fee application for work performed prior to December 1, 2015.

Finally, LOZZ represents that it is and remains a disinterested party and does not hold any relationship adverse to the Estate.

## BASIS FOR THE REQUESTED RELIEF

Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is *strongly presumed* to be the market rate for his or her services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), *cert. denied*, 532 U.S. 1066 (2001).

Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

The average hourly billing rate for the attorneys who performed the Services—that is, the "lodestar" rate—is $350.00. This average rate is fair and reasonable in light of the services provided and the experience of LOZZ's professionals. Moreover, the compensation requested by the LOZZ is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

## NOTICE

Pursuant to Federal Rule, Bankruptcy Procedure 2002, this Application was served on all creditors that have timely filed claims, the U.S. Trustee, and the Debtor's attorney.

**WHEREFORE**, LOZZ respectfully requests that this Court enter an Order: a) allowing LOZZ compensation for actual, necessary legal services in the amount of $9,065; b) authorizing the reimbursement of actual and necessary expenses of $15.84; c) authorizing the Trustee to pay LOZZ's compensation and expense; and d) granting such other relief as the Court deems just and equitable.

May 30, 2018

Respectfully submitted,

**Joji Takada**, not individually, but as Chapter 7 Trustee of the bankruptcy estate of **Eric C. Isaacson and Kimberly A. Isaacson,**

By: */s/ Zane Zielinski*
  One of his attorneys

Zane L. Zielinski (6278776)
**THE LAW OFFICE OF
    ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d.  773-877-3191
f.  815-846-8516
e.  trustee@zanezielinski.com

**727 Complaint**

| Date | Matter | Lwyr | Hours | Rate | Amount | Explanation |
|---|---|---|---|---|---|---|
| 5/4/2016 | 727 Complaint | ZZ | 2 | $350.00 | $700.00 | Review complaint related to Debtor's failure to comply with court order, review communications related to same, and request count to be withdraw (1.6); conference with Joji Takada regarding open issues on complaint (.4) |
| 5/9/2016 | 727 Complaint | ZZ | 1.8 | $350.00 | $630.00 | Review and revise pre-trial order related to discharge complaint (.9); telephone call with John Landis related to settlement of the discharge action that would be agreeable to the Trustee (.4); conferenc with Joji Takada regarding status of complaitn and settlement terms (.3); telephone call with Daniel Rubin regarding same (.2) |
| 5/16/2016 | 727 Complaint | ZZ | 0.6 | $350.00 | $210.00 | Review settlement proposal from Arnold Landis |
| 5/19/2016 | 727 Complaint | ZZ | 0.4 | $350.00 | $140.00 | Review subpoeana to Joji Takda (.2); telephone call with Daniel Rubin related to producing responses (.2) |
| 5/23/2016 | 727 complaint | ZZ | 1.6 | $350.00 | $560.00 | Review and prepare documents response to open discovery requests on the trustee's notes on the 341 meeting and investigations |

EXHIBIT A

| Date | Matter | Lwyr | Hours | Rate | Amount | Explanation |
|---|---|---|---|---|---|---|
| 5/25/2016 | 727 Complaint | ZZ | 3.10 | $350.00 | $1,085.00 | Prepare for and attend first day of trial with Joji Takada related to open issues, discovery responses, witness issues, and settlement negotiations |
| 2/16/2017 | 727 Complaint | ZZ | 0.70 | $350.00 | $245.00 | Review final opinion in adversary |
| | | | 10.2 | | $3,570.00 | |

**ADMINISTRATION**

| Date | Matter | Lwyr | Hours | Rate | Amount | Explanation |
|---|---|---|---|---|---|---|
| 2/24/2016 | Administation | ZZ | 1.20 | $350.00 | $420.00 | Prepare for and appear in court on bank's motion to dismiss (.9) communicate with counsel related to releasing motion to dismiss (.2); draft memo to trustee relasted to status (.1) |
| 3/8/2018 | Administation | ZZ | 0.90 | $350.00 | $315.00 | Prepare for and attend first interim application for compensation |
| 5/19/2016 | Administation | ZZ | 1.30 | $350.00 | $455.00 | Review and revised proposed distribution report for creditors |
| 6/13/2016 | Administation | ZZ | 3.30 | $350.00 | $1,155.00 | Draft demand letter to Arnald Landis related to undisclosed performance bonus (1.2); research legal status of performance bonus and ability for trustee to turnover (2.1) |
| 3/2/2017 | Administation | ZZ | 0.80 | $350.00 | $280.00 | Review draft re-affirmation agreement that settles adversary issues |

| Date | Matter | Lwyr | Hours | Rate | Amount | Explanation |
|---|---|---|---|---|---|---|
| 8/9/2016 | Administation | ZZ | 0.20 | $350.00 | $70.00 | Review details regarding status of employment and potential undisclosed assets |
| 11/29/2016 | Administation | ZZ | 0.60 | $350.00 | $210.00 | telephone call with Arnold Landis regarding bonus issues/settlement of complaint (.4); conference with Jojit takada regarding seetlement issue (.2) |
| 12/16/2016 | Administation | ZZ | 0.80 | $350.00 | $280.00 | Review letter from David Lloyd regarding settlement of debt issues, and status of turnover of funds to trustee (.3); conference with trustee regarding issues related to request (.3); respond to David Lloyd via telephone call on issues (.2) |
| 5/17/2017 | Administation | ZZ | 0.20 | $350.00 | $70.00 | Communicate with david lloyd related to documents needed to complete final taxes |
| 5/24/2018 | Administation | ZZ | 1 | $350.00 | $350.00 | Draft final fee application |
|  |  |  | 10.30 |  | $3,605.00 |  |

**Claim Objection**

| Date | Matter | Lwyr | Hours | Rate | Amount | Explanation |
|---|---|---|---|---|---|---|
| 4/15/2018 | Claims | ZZ | 2.9 | $350.00 | $1,015.00 | review secured claims filed in the case (.6); review communications between trustee and secured creditors related to release of claims (.2); draft omnibus objection to secured claims (2.1). |

| Date | Matter | Lwyr | Hours | Rate | Amount | Explanation |
|---|---|---|---|---|---|---|
| 4/16/2018 | Claims | ZZ | 0.4 | $350.00 | $140.00 | Conference with Trustee regarding claim issues (.1); revise omnibus objection (.3) |
| 5/22/2018 | Claims | ZZ | 0.9 | $350.00 | $315.00 | Prepare for and appear in court on omnibus objection (.9) |
| 5/24/2018 | Claims | ZZ | 1.2 | $350.00 | $420.00 | review and confirm filed claims against scheduled related to proposed distribution for the Debtor's creditors |
| Total | | | 5.4 | | $1,890.00 | |

| Total | | |
|---|---|---|
| Hours | | 25.9 |
| Time | | $9,065.00 |

**Disbursements**

| copies (fee App/O | 82 copies at .10 | $8.20 |
|---|---|---|
| Postage (Fee) | 6*.89 | $5.34 |
| Postage (objection | 2*1.15 | $2.30 |
| | | $15.84 |